**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 15-4132**

_____

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

     v.

LEONARDO DEMARCUS REED,

                    Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas D. Schroeder, District Judge.  (1:08-cr-00381-TDS-1)

_____

Submitted:  October 20, 2015        Decided:  December 8, 2015

_____

Before SHEDD, DIAZ, and HARRIS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Ames C. Chamberlin, LAW OFFICES OF AMES C. CHAMBERLIN, Greensboro, North Carolina, for Appellant.  Graham Tod Green, Assistant United States Attorney, Winston-Salem, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Leonardo Demarcus Reed pled guilty in September 2004 to possession with intent to distribute an unspecified quantity of heroin, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (2012) (Count 1), and possession of a firearm during or in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c) (2012) (Count 2). The district court sentenced Reed to 21 months' imprisonment on Count 1, to be followed by 120 months on Count 2, and a 10-year term of supervised release. The district court later lowered Reed's sentence to 56 months.

Reed completed his term of incarceration and began to serve his supervised release. After Reed violated the terms of his supervised release, he was sentenced to seven months' imprisonment on Count 1, to be followed by eight months on Count 2. The district court also imposed a second period of supervised release: 113 months for Count 1 and 112 months for Count 2, to run concurrently.

Reed completed his custodial sentence and began his second term of supervised release, after which Reed again violated the terms of his supervised release. Reed admitted the violations alleged in the revocation petition and amended revocation petition. The district court consequently revoked Reed's supervised release and sentenced him to an aggregate term of 69 months' imprisonment, consisting of 17 months on Count 1 and 52

2

months on Count 2, to be served consecutively. Reed now appeals the revocation judgment.

Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether the district court erred in declining to impose a sentence within the policy statement range computed at sentencing (37 to 46 months) or to run the revocation sentences concurrently. Although not particularly framed as such, we view this argument as a challenge to the substantive reasonableness of the revocation sentence. Because the district court did not commit any error in selecting the aggregate 69-month revocation sentence, we affirm the revocation judgment.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." United States v. Webb, 738 F.3d 638, 640 (4th Cir. 2013). A revocation sentence that is both within the applicable statutory maximum and not "plainly unreasonable" will be affirmed on appeal. United States v. Padgett, 788 F.3d 370, 373 (4th Cir. 2015). In so evaluating a sentence, this court assesses it for reasonableness, utilizing "the procedural and substantive considerations" employed in evaluating an original criminal sentence. United States v. Crudup, 461 F.3d 433, 438 (4th Cir. 2006).

A revocation sentence is procedurally reasonable if the district court has considered both the policy statements contained in Chapter Seven of the Sentencing Guidelines and the 18 U.S.C. § 3553(a) (2012) factors enumerated in 18 U.S.C. § 3583(e) (2012). Id. at 439. The district court must also provide an explanation for its chosen sentence, although this explanation "need not be as detailed or specific" as is required for an original sentence. United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010).

A revocation sentence is substantively reasonable if the district court states a proper basis for concluding that the defendant should receive the sentence imposed. Crudup, 461 F.3d at 440. Only if it finds a sentence to be procedurally or substantively unreasonable will we determine whether the sentence is "plainly" so. Id. at 439.

Applying these principles, Reed's challenge to the substantive reasonableness of his sentence fails. Prior to sentencing Reed, the district court offered an extensive explanation for the sentence in terms of the sentencing factors it deemed to be the most relevant in this case and a particularized response to defense counsel's arguments. The district court's sentencing comments reveal the court's consideration of Reed's individual circumstances, namely, his history and characteristics and the nature and circumstances of

4

his violative behavior.  18 U.S.C. § 3553(a)(1); see 18 U.S.C. § 3583(e).  The court clearly expressed its view that the selected sentence was necessary to deter Reed from continuing to sell and use drugs and to protect the public from any further crimes he may commit.  18 U.S.C. § 3553(a)(2)(B)-(C).

Imposition of the statutory maximum terms of imprisonment, less the terms of imprisonment Reed served in fulfilling the prior revocation judgment, reflected the court's serious response to Reed's chronic recidivism and refusal to conduct himself in accordance with the law, despite having received multiple opportunities to do so.  Because the court amply justified the selected sentence, which was within the statutory maximum, we discern no substantive unreasonableness, plain or otherwise, in this sentence.

Finally, we conclude that, pursuant to our long-established precedent, the district court did not abuse its discretion by imposing consecutive terms of imprisonment.  Where a defendant is sentenced to multiple terms of imprisonment at the same time, the district court may order that the sentences on revocation of supervised release run concurrently or consecutively.  18 U.S.C. § 3584(a) (2012); see United States v. Johnson, 138 F.3d 115, 118-19 (4th Cir. 1998) ("[W]e hold that the district court had the authority to impose consecutive sentences upon [defendant] when it revoked his supervised release.").  The court once again

cited Reed's serious and repeated recidivism as the reason to decline defense counsel's request for concurrent sentences, and we cannot say that doing so was substantively unreasonable.

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's revocation judgment. This court requires that counsel inform Reed, in writing, of his right to petition the Supreme Court of the United States for further review. If Reed requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Reed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>